IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jacob Black, ) | C/A No. 0:12-3068-MGL-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| State of South Carolina, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Jacob Black ("Petitioner"), a self-represented pre-trial detainee, brings this action seeking a petition for a writ of mandamus to dismiss pending charges in the Court of General Sessions for Anderson County. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 31-35 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519, 519 (1972) (*per curiam*); Nasim v. Warden, Maryland House of Corr., 64 F.3d 951, 953-56 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70, 71-74 (4th Cir. 1983); Loe v. Armistead, 582

F.2d 1291, 1295-96 (4th Cir. 1978); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**DISCUSSION**

A federal district court may issue a writ of mandamus only against an employee or official of the United States. See, e.g., Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir. 1986); Ocean Breeze Park, Inc. v. Reich, 853 F. Supp. 906, 915 (E.D. Va. 1994), *aff'd*, Virginia Beach Policeman's Benevolent Ass'n v. Reich, No. 95-1773 and No. 95-2013, 96 F.3d 1440 (Table), 1996 WL 511426, at *2 (4th Cir. June 5, 1996). Hence, Petitioner cannot obtain mandamus relief in this court against the State of South Carolina or the Court of General Sessions for Anderson County.

In Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587-88 (4th Cir. 1969), a prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County, North Carolina, to prepare a free transcript. The district court in Gurley denied the relief sought by the prisoner. On appeal in Gurley, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The Court also held that, if the prisoner's petition had been treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ." Gurley, 411 F.2d at 587; see also Craigo v. Hey, 624 F. Supp. 414 (S.D. W.Va. 1985). In Craigo, the district court concluded that the petition for writ of mandamus was frivolous within the meaning of 28 U.S.C. § 1915 and, therefore, was subject to summary dismissal. Craigo, 624 F. Supp. at 414; accord Van Sickle v.



Holloway, 791 F.2d 1431, 1436 (10th Cir. 1986); Robinson v. Illinois, 752 F. Supp. 248, 248-49 & n.1 (N.D. Ill. 1990); Hatfield v. Bowen, 685 F. Supp. 478, 479 (W.D. Pa. 1988). "Like those in the cases cited above, the allegations in Plaintiff's Complaint do not provide this court with subject matter jurisdiction over his claim."  Smith v. Shwedo, C/A No. 3:12-2286-CMC-PJG, 2012 WL 5463207, at *3 (D.S.C. Oct. 23, 2012), *adopted by* 2012 WL 5463089 (D.S.C. Nov. 8, 2012).

## RECOMMENDATION

Accordingly, the court recommends that the above-captioned case be dismissed without prejudice and without service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 4, 2013
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).